CARLTON J. WILLEY (CA Bar No. 269120)
HABIB M. BENTALEB (CA Bar No. 288803)
DANIEL E. DERSHAM (CA Bar No. 284918)
WILLEY & BENTALEB LLP
JP Morgan Chase Building
560 Mission Street, Suite 1300
San Francisco, CA 94105
Phone: (415) 426-7111
Fax: (415) 276-1737
Carlton@WBLawPartners.com
HBentaleb@WBLawPartners.com
Dan@WBLawPartners.com

*Attorneys for Plaintiff*
*Dr. James Simon*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| James S. Simon, M.D.,<br>an Individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>ETView, Inc.,<br>a Delaware Corporation<br><br>ETView, Ltd.,<br>an Isreali Company;<br><br>ETView Medical Ltd.,<br>an Isreali Company;<br><br>The Trendlines Group Ltd.<br>an Israeli Company<br><br>D. Todd Dollinger,<br>an Individual;<br><br>William Edelman,<br>an Individual.<br><br>    Defendants. | CASE NO. **3:15-cv-6330**<br><br>JUDGE:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION, WITH JURY DEMAND**<br><br>**UNITED STATES PATENTS:**<br><br>**US 7,052,456 B2 – "AIRWAY PRODUCTS HAVING LEDs"**<br><br>**US 6,189,533 B1 – "ENDOTRACHEAL INTUBATION DEVICE"** |

1

COMPLAINT WITH JURY DEMAND

Plaintiff James S. Simon, M.D. ("Dr. Simon") by and through his attorneys, alleges as follows:

## PARTIES

1. Plaintiff Dr. Simon is an individual United States citizen residing in California.

2. Upon information and belief, Defendant ETView, Inc. is a Delaware Corporation, Defendant ETView Ltd. is an Isreali Company, Defendant ETView Medical Ltd. is an Isreali Company, and The Trendlines Group Ltd. is an Israeli Company (collectively these Defendants do business acting in privity or in concert as, and are hereby defined as, "ETView" or "Defendants"), all with headquarters at The Trendlines Building Misgav Business Park M.P. Misgav 2017400 Israel.

3. Upon information and belief, Defendants D. Todd Dollinger and William Edelman are individuals residing in Israel and Massachusetts, respectively.

4. Upon information and belief, Defendants are acting in acting in privity or in concert to produce and globally distribute the infringing products: the VivaSight DL product line.

## JURISDICTION AND VENUE

5. This is an action for pecuniary and injunctive relief for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and for unfair competition arising under the California Business and Professions Code § 17200 et seq.

6. This Court has personal jurisdiction over Defendants, consistent with the principles of due process, and venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), because Defendants conduct regular and systematic business in California, have purposefully availed themselves of conducting business in California, and/or the events giving rise to the claims alleged herein have a substantial effect in California and a substantial part of such events occurred in this District. In this regard, plaintiff is informed and believes, and on that basis alleges, that Defendants has offered its products for sale in this District, has transacted business in this District, has committed acts of infringement in this District and/or has placed infringing products into the

stream of commerce in this District or with the expectation that such products will be purchased by residents of this District

7. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391. Further, upon information and belief, ETView regularly sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California where Defendant resides, such that this venue is a fair and reasonable one.

**THE INTRADISTRICT ASSIGNMENT**

8. Pursuant to Civil. L.R. 3-2(d), this case is suitable for assignment in the San Francisco Division, because a substantial amount of the events and omissions giving rise to this action occurred in Marin County, California.

**PATENTS-IN-SUIT**

9. On February 20, 2001, following an application by Morrison & Foerster LLP, the United States Patent No. 6,189,533 B1 ("the '533 Patent") was duly and legally issued US Patent for "ENDOTRACHEAL INTUBATION DEVICE" by the United States Patent and Trademark Office. A true and correct copy of the '533 Patent is attached hereto as Exhibit A and made a part hereof.

10. On May 30, 2006, following an application by Morrison & Foerster LLP, the United States Patent No. 7,052,456 B2 ("the '456 Patent") was duly and legally issued for "AIRWAY PRODUCTS HAVING LEDs." A true and correct copy of the '456 Patent is attached hereto as Exhibit B and made a part hereof.

11. Plaintiff has owned the '456 Patent and the '533 Patent throughout the period of Defendants' infringing acts and still owns the '456 Patent and the '533 Patent.

12. The '456 Patent and the '533 Patent are sometimes referred to herein collectively as "the Patents-in-Suit."

COMPLAINT WITH JURY DEMAND

## GENERAL ALLEGATIONS

13. Dr. James S. Simon is a medical doctor that has practiced medicine for over 45 years.

14. In his medical practice, Dr. Simon identified an ongoing problem for his patients that required emergency intubation: then-current technologies required doctors to intubate without consistent visualization of the path of the endotracheal tube, preventing certainty of placement, and often resulting in patients being subjected to full chest x-rays to determine endotracheal tube placement location.

15. Dr. Simon invented and developed groundbreaking technologies to remedy this issue and vastly improve patient care for patients requiring endotracheal intubation: most generally speaking, Dr. Simon's invention was an endotracheal tube with a longitudinally situated light source to illuminate the airway—initially the light source was either fiberoptic or chemiluminescent in nature ("the '533 Patent") and later an LED light source ("the '456 Patent"). The endotracheal intubation invention further includes a tube for suction or air injection, as well as employing an inflatable cuff to protect the airway from vomitus or stomach contents.

16. Dr. Simon protected his innovative designs, at great expense, through patent applications through the law firm of Morrison & Foerster LLP. In 2001 the USPTO granted the '533 Patent, and in 2006 the USPTO granted the '456 Patent.

17. Upon information and belief, ETView began manufacturing infringing products in 2010—with the product line VivaSight SL.

18. In 2011, Dr. Simon contacted ETView to inform them that their products infringed on the '533 Patent and the '456 Patent. ETView initially refused to communicate in good faith, denied all infringement, and asserted that Dr. Simon's patented technology was not employed in ETView's products. Dr. Simon persisted, and ETView eventually conceded that they were infringing, and agreed to a license agreement for its then-current product line—the VivaSight SL. Within a year of signing the license agreement, ETView introduced a product line, the VivaSight DL, which uses the same patented technology belonging to Dr. Simon.

19. In January 2014, Dr. Simon, by and through legal counsel, provided ETView with

4

Notice that their VivaSight DL was undoubtedly infringing on Dr. Simon's '533 Patent and '456 Patent. ETView did not acknowledge that Dr. Simon's patents apply to the VivaSight DL products, and stated that the previous VivaSight SL license agreement is no longer applicable. ETView has since consistently maintained this claim that there is no license agreement in place that applies to the VivaSight DL product line. Without an agreement between the parties, ETView refuses to pay Dr. Simon anything for its ongoing use of his patented technology.

20. On December 12, 2015, Dr. Simon, by and through legal counsel, again provided ETView with a Notice of Patent Infringement, and invited ETView to engage in a collaborative process with Dr. Simon. ETView declined to engage in any collaborative process, and Dr. Simon now brings this suit seeking justice before this Honorable Court.

## CLAIMS FOR RELIEF

**(Infringement of U.S. Patents, Against All Defendants)**

### Count I: Infringement of the '533 Patent

21. Plaintiff hereby incorporates all of the preceding paragraphs as if fully set forth herein.

22. On February 20, 2001, following an application by Morrison & Foerster LLP, the United States Patent No. 6,189,533 B1 ("the '533 Patent") was duly and legally issued US Patent for "ENDOTRACHEAL INTUBATION DEVICE" by the United States Patent and Trademark Office. A true and correct copy of the '533 Patent is attached hereto as Exhibit A and made a part hereof.

23. By marketing and selling the VivaSight DL, ETView, Defendant Edelman, and Defendant Dollinger, actively and knowingly have infringed and are infringing the '533 patent with knowledge of Dr. Simon's patent rights and without reasonable basis for believing that ETView's conduct is lawful. ETView, Defendant Edelman, and Defendant Dollinger, have also induced and contributed to the infringement of the '533 patent by purchasers, sales representatives, and distributors of the VivaSight DL, and is continuing to induce and contribute to the infringement of the '533 patent by purchasers, sales representatives, and distributors of the

5

VivaSight DL.

24. ETView's acts of infringement have been and continue to be willful, deliberate, and in reckless disregard of Dr. Simon's patent rights. ETView is thus liable to Dr. Simon for infringement of the '533 patent pursuant to 35 U.S.C. § 271.

### Count II: Infringement of the '456 Patent

25. Plaintiff hereby incorporates all of the preceding paragraphs as if fully set forth herein.

26. On May 30, 2006, following an application by Morrison & Foerster LLP, the United States Patent No. 7,052,456 B2 ("the '456 Patent") was duly and legally issued for "AIRWAY PRODUCTS HAVING LEDs" by the United States Patent and Trademark Office. A true and correct copy of the '456 Patent is attached hereto as Exhibit B and made a part hereof .

27. By marketing and selling the VivaSight DL, ETView, Defendant Edelman, and Defendant Dollinger, actively and knowingly have infringed and are infringing the '456 patent with knowledge of Dr. Simon's patent rights and without reasonable basis for believing that ETView's conduct is lawful. ETView, Defendant Edelman, and Defendant Dollinger, have also induced and contributed to the infringement of the '456 patent by purchasers, sales representatives, and distributors of the VivaSight DL, and is continuing to induce and contribute to the infringement of the '456 patent by purchasers, sales representatives, and distributors of the VivaSight DL.

28. ETView's acts of infringement have been and continue to be willful, deliberate, and in reckless disregard of Dr. Simon's patent rights. ETView is thus liable to Dr. Simon for infringement of the '456 patent pursuant to 35 U.S.C. § 271.

### SECOND CLAIM FOR RELIEF
**(Unfair Business Practices – California Business and Professions Code §17200, et seq., Against All Defendants)**

29. Plaintiff hereby incorporates all of the preceding paragraphs as if fully set forth

6

herein.

30. The acts of Defendants described in this Complaint constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, et seq.

31. The manner in which Defendants market and offer their infringing products constitutes deceptive and misleading advertising practices, creates a false impression with regard to Defendant's products vis-à-vis plaintiff's patented technology. Such false impression hinders fair competition in the commercial markets and has damaged and continues to damage plaintiff as well as consumers.

32. Defendants' unfair, dishonest and deceptive manner of conducting business in its dealings with Plaintiff also constitute unlawful, unfair or fraudulent business acts or practices, and has prevented Plaintiff's patented technology from reaching consumers that could benefit from its use, which has damaged and continues to damage plaintiff as well as consumers.

33. As a direct and proximate result of Defendants' wrongful conduct, plaintiff has been injured in fact and has lost money and profits, and such harm will continue unless Defendants' acts are enjoined by this Court. Plaintiff has no adequate remedy at law for Defendant's continuing violation of plaintiff's rights.

34. Plaintiff is being irreparably harmed by Defendants' unfair business practices and unfair competition. There is no adequate remedy at law, thereby justifying preliminary and injunctive relief under section 17203 of the California Business and Professions Code.

35. By reason of the foregoing, Defendants have been improperly and unjustly enriched at the expense of plaintiff in an amount as yet unascertained, but in an amount to be proven at the time of trial, so that Defendants can make appropriate restitution.

36. Defendants should be required to restore to plaintiff any and all profits earned as a result of its unlawful and fraudulent actions, or to provide plaintiff with any other restitutionary relief as the Court deems appropriate.

WILLEY &
BENTALEB LLP
SAN FRANCISCO

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# PRAYER FOR RELIEF

**WHEREFORE, Plaintiff seeks relief against Defendants as follows:**

1. Entry of judgment holding Defendants liable for infringement of the patents issue in this litigation;

2. An order permanently enjoining Defendants, and all officers, agents, servants, employees, attorneys and affiliated companies, all assigns and successors in interest, and those persons in active concert or participation with it, from continued acts of infringement of the patents at issue in this litigation;

3. An order that all infringing products made or sold in violation of Dr. Simon's patents, and all means by which such copies may be reproduced, be impounded and destroyed or otherwise reasonably disposed of;

4. An order awarding Dr. Simon America statutory damages and damages according to proof resulting from Defendants' infringement of the patents at issue in this litigation, together with prejudgment and post-judgment interest;

5. Trebling of damages under 35 U.S.C. § 284 in view of the willful and deliberate nature of ETView's infringement of the patents at issue in this litigation;

6. For statutory pre-judgment interest at the legal rate;

7. For damages as well as restitution and/or restitutionary disgorgement of ill-gotten gains pursuant to Cal. Bus. & Prof. Code § 17200 et seq.;

8. For an Order granting immediate temporary relief to prevent further irreparable harm caused by ETView marketing and/or selling the VivaSight DL products, which is a clear infringement of Dr. Simons' patents.

9. A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining ETView, and each of its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with ETView, including related individuals and

8

entities, customers, representatives, OEMs, dealers, and distributors from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Patents-In-Suit.

10. For an Order enjoining (1) any further marketing or sales by ETView of the VivaSight DL, and (2) any further marketing or sales by ETView of the VivaSight DL product, pending resolution of this dispute.

11. For attorneys' fees pursuant to all applicable laws, including an award of Dr. Simon's costs of suit and all reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

12. For other just and equitable relief as deemed appropriate by the Court.

Respectfully Submitted,

WILLEY & BENTALEB LLP

Dated: December 30, 2015      By:    */s/ Carlton J. Willey*
                                                             Carlton J. Willey
                                                              *Attorney for Plaintiff*
                                                              James S. Simon, MD

WILLEY & BENTALEB LLP
SAN FRANCISCO

COMPLAINT WITH JURY DEMAND